UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-mc-00320-LEW |
| | ) | |
| MACHIAS SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

The Government asks the Court to compel compliance with a subpoena from the Inspector General of the United States Department of the Interior.  (Motion to Compel, ECF No. 4.)  The subpoena directs Defendant, Machias Savings Bank, to disclose records concerning the accounts of the subject of the Inspector General's investigation.

Defendant has not produced the records because Defendant believes that compliance with the subpoena would require Defendant to violate state law, which requires notice to the subject of the investigation before disclosure.  (Response, ECF No. 9.)  The Government argues that federal law preempts the state law and, alternatively, state law permits Defendant to produce the documents without notice pursuant to a court order.

After consideration of the issues and the parties' arguments, I recommend the Court grant the Government's motion and order Defendant to comply with the subpoena.

## DISCUSSION

Congress has tasked inspectors general with detecting waste, fraud, and abuse in federal programs and granted them subpoena power in order "to have timely access to all records, reports, audits, reviews, documents, papers, recommendations, or other materials available to the applicable establishment which relate to the programs and operations with respect to which that Inspector General has responsibilities . . . ."  5 U.S.C. APP. 3 § 6(a)(1)(A); *see also* § 6(a)(4).  Congress, however, limited a government authority's ability to obtain financial information to certain situations:

> A Government authority may obtain financial records . . . pursuant to an administrative subpena or summons otherwise authorized by law only if (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry; [and] (2) a copy of the subpena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpena or summons was served on the financial institution . . . ."

12 U.S.C. § 3405.  In addition, the protection afforded to a "customer" under the federal statute, including the notice requirement, only applies to an "individual or a partnership of five or fewer individuals."  *Id.* § 3401(4)–(5).

Defendant evidently does not dispute that the subpoena is valid and enforceable under federal law.  *See United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 4 (1st Cir. 1996) (a subpoena is reasonable if "(1) the subpoena is issued for a congressionally authorized purpose, the information sought is (2) relevant to the authorized purpose and (3) adequately described, and (4) proper procedures have been employed in issuing the subpoena").  Defendant also apparently does not contest the Government's contention that notice is not

required under federal law because the subject of the subpoena is not an individual or a partnership of five or fewer individuals.

The question is whether Maine law presents an obstacle to enforcement of the subpoena. A Maine statute generally prohibits a financial institution or credit union doing business in the state from disclosing financial records relating to a customer unless that customer has authorized the disclosure, 9-B M.R.S. § 162(1), or unless the disclosure is in response to a "lawful subpoena, summons, warrant or court order," *id.* § 162(2), and the agency or person requesting the disclosure certifies in writing that the document has been "served upon the customer prior to disclosure . . . ." *Id.* § 163. The state notice requirement contains several exceptions (not applicable here) but the state statute does not restrict the definition of the terms "customer" and "person." *Id.* Unlike the federal statute, therefore, the state notice requirement applies when the subject of the subpoena is other than an individual or a small partnership.

To the extent the state statute can be interpreted to govern Defendant's actions in response to the federal subpoena, a preemption issue is generated.[1] Because federal law is the "supreme Law of the Land," U.S. Const. art. VI, cl. 2, state and local laws are invalid and preempted when they are contrary to applicable federal law. "Preemption may be express or implied." *Tobin v. Fed. Exp. Corp.*, 775 F.3d 448, 452 (1st Cir. 2014). "Express preemption occurs when congressional intent to preempt state law is made explicit in the

---

[1] Maine's statute contains an exception for federal grand jury subpoenas, but it does not mention administrative subpoenas. Maine courts could interpret the statute more narrowly and prevent any tension with the relevant federal laws, but the broad language of the statute is susceptible to an expansive interpretation that would cover federal administrative subpoenas.

language of a federal statute." *Id.* There are two types of implied preemption, "field preemption and conflict preemption." *Capron v. Off. of Att'y Gen. of Massachusetts*, 944 F.3d 9, 21 (1st Cir. 2019).

Field preemption "can be inferred from a framework of regulation so pervasive that Congress left no room for the States to supplement it or where there is a federal interest so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Arizona v. United States*, 567 U.S. 387, 399 (2012) (internal quotation marks and modifications omitted). Conflict preemption occurs "where compliance with both federal and state regulations is a physical impossibility," *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963), or where the state or local "law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

Other federal courts that have considered preemption of similar state statutes have determined that preemption applies when the state statute places more burdens or restrictions on federal agencies' subpoena powers than Congress chose to provide. *See e.g.*, *U.S. on Behalf of Agency for Int'l Dev. v. First Nat. Bank of Maryland*, 866 F. Supp. 884, 886–87 (D. Md. 1994) ("The purpose behind giving the Inspector General subpoena power was to encourage prompt and thorough cooperation with OIG investigations. The Maryland notice provisions serve as an obstacle to the accomplishment of the congressional objective"); *In re Porras*, 191 B.R. 357, 363 (Bankr. W.D. Tex. 1995) ("any law which would place additional obstacles in the way of federal agency inquiry of

4

financial records, either by augmenting the obligations already imposed by [the federal privacy statute], or by expanding the universe of entities entitled to some protection, of necessity upsets the careful balance crafted by Congress" and is therefore preempted); *U.S. ex rel. Off. of Inspector Gen. v. Philadelphia Hous. Auth.*, No. 10-0205, 2011 WL 382765, at *5 (E.D. Pa. Feb. 4, 2011) (state "statutes that restrict the disclosure of such information are preempted by the Inspector General Act under the Supremacy Clause of the Constitution"); *United States Dep't of Just. v. Ricco Jonas*, No. 18-MC-56-LM, 2018 WL 6718579, at *5 (D.N.H. Nov. 1, 2018) (summarizing cases concluding that more restrictive state privacy laws were preempted in the face of administrative subpoenas pursuant to other federal statutes).

Because the weight of authority teaches that federal law preempts state statutes that interfere with an inspector general's broad subpoena powers, because the reasoning of the other courts is sound, and because Defendant has not provided any contrary authority, to the extent that Maine's statute applies to the federal administrative subpoena issued to Defendant, I conclude the state statute is preempted.[2]  Maine's statute, therefore, does not provide a basis to avoid compliance with the subpoena.

---

[2] Although many courts have agreed that such state statutes are preempted, some courts relied on field preemption while others based their decision on impossibility conflict preemption or obstacle conflict preemption.  Impossibility conflict preemption is arguably the most applicable because one source of law *requires* a private party to act in a certain way, and the other *prohibits* that same conduct.  *Cf. Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013) (impossibility arises "[w]hen federal law forbids an action that state law requires").  While the Government could avoid the conflict by first providing notice to the subject of the subpoena, that fact does not negate the impossibility conflict presented to Defendant.  Regardless, the Court does not need to resolve the somewhat differing reasoning because the types of preemption can overlap and are not always mutually exclusive of one another.  *See Crosby*, 530 U.S. at 373 n.6 ("We recognize, of course, that the categories of preemption are not rigidly distinct") (quotation marks omitted).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's motion to compel compliance with subpoena and order Defendant to comply with the subpoena.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of January, 2022.